ROGER L. GRANDGENETT II, Bar No. 6323
AMY L. THOMPSON, Bar No. 11907
LITTLER MENDELSON P.C.
3960 Howard Hughes Parkway
Suite 300
Las Vegas, Nevada, 89169
Telephone: 702.862.8800
Fax No.: 702.862.8811
Email: rgrandgenett@littler.com
athompson@littler.com

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| LEIDA PANGINDIAN, an individual,<br><br>Plaintiff,<br><br>v.<br><br>HONEYBEE FOODS CORPORATION a foreign corporation; ROBERT DENOLO, an individual; and DOES and ROE entities I-X, inclusive,<br><br>Defendants. | Case No. 2:21-cv-00687-GMN-EJY<br><br>**STIPULATION AND [PROPOSED] ORDER TO STAY DISCOVERY FOR 60 DAYS**<br><br>**(FIRST REQUEST)** |

Plaintiff LEIDA PANGINDIAN and Defendants HONEYBEE FOODS CORPORATION and ROBERT DENOLO. by and through their counsel of record, stipulate to stay discovery for a period of sixty (60) days.

Counsel held a Rule 26(f) conference on June 10, 2021 wherein it was discussed and ultimately agreed that a stay of discovery was warranted in this matter in light of Defendants' pending motion to dismiss which could result in complete dismissal of Plaintiff's IIED and FMLA claims. Further, the parties discussed commencing settlement discussions which could result in early resolution. The parties agree that staying discovery for a limited period will enable the parties to divert resources to exploring a potential early resolution.[1]

---

[1] While the parties agree to stay formal discovery, the parties agree to exchange initial disclosures by July 9, 2021 to help foster a candid discussion of the claims but beyond initial disclosures, agree that formal discovery should be stayed.

LITTLER MENDELSON P.C.
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169.5937
702.862.8800

In assessing a request to stay discovery, the Court decides whether it is necessary to speed the parties along in discovery or whether it is appropriate to delay discovery and spare the parties the associated expense. *Tradebay, LLC v. Ebay, Inc.*, 278 F.R.D. 597, 603 (D. Nev. 2011). To make this assessment, the Court takes a "preliminary peek" at the merits of the purportedly dispositive motion, though, importantly, this "preliminary peek" does not prejudge the outcome of the motion, it merely evaluates whether an order staying discovery is warranted. *Id*. Defendants' Motion to Dismiss is the type warranting a stay of discovery as Defendants have sought to dismiss two of Plaintiff's three claims with prejudice. The remaining claim is a quasi-contract claim with an amount in controversy of only $2,498.42 based on allegations that Defendants did not reimburse Plaintiff for business expenses. Moreover, no discovery is required to make a determination on the Motion to Dismiss. Accordingly, requiring the parties to conduct discovery on claims that may be dismissed and may not be curable by further amendment would cause an unnecessary expense on the parties and potentially log the Court's docket with unnecessary discovery disputes on these claims. Additionally, because of the Motion to Dismiss, Plaintiff has not been apprised of which factual allegations Defendants intend to admit, and which Defendants intend to deny. Nor has Plaintiff been apprised of the defenses Defendants intend to assert. Plaintiff believes this would limit her ability to conduct full discovery while the Motion to Dismiss is pending. Plaintiff disputes the arguments made in Defendants' Motion to Dismiss but agrees that the motion is of the type warranting a stay of discovery. Moreover, the parties have discussed exploring an early resolution and wish to divert efforts to those discussions before engaging in extensive discovery. Thus, it would be appropriate to spare the parties the burden and expense of discovery in light of these reasons.

The parties will re-visit this issue after sixty days to determine whether circumstances have changed that might warrant commencing discovery or continuing the stay. Accordingly, the parties request that discovery be stayed sixty days or until September 1, 2021 unless the Court rules on Defendants' Motion to Dismiss prior to that date. If the Court rules on Defendants' Motion to Dismiss prior to September 1, 2021, the parties will submit a stipulated discovery plan and scheduling order within 14 days of the Court's ruling on Defendants' Motion. If the Court does

LITTLER MENDELSON P.C.
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169.5937
702.862.8800

2

not rule on Defendants' Motion to Dismiss prior to September 1, 2021, the parties will conduct another discovery conference and either submit a stipulated discovery plan and scheduling order, or a proposed stipulation for an additional stay of discovery.

Dated: July 1, 2021

Respectfully submitted,

/s/ Trevor J. Hatfield
TREVOR J. HATFIELD, ESQ.
HATFIELD & ASSOCIATES, LTD

*Attorney for Plaintiff*

Dated: July 1, 2021

Respectfully submitted,

/s/ Amy L. Thompson
ROGER L. GRANDGENETT, II, ESQ.
AMY L. THOMPSON, ESQ.
LITTLER MENDELSON, P.C.

*Attorneys for Defendants*

**IT IS SO ORDERED.**

Dated: July 2, 2021.

_____
UNITED STATES MAGISTRATE JUDGE

4841-9515-6208.1 / 111725-1001

LITTLER MENDELSON P.C.
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169.5937
702.862.8800

3